Allamong v. Peoples.

EVIDENCE: contract: drunkenness.

---

JOSEPH ALLAMONG, Respondent, v. GEORGE PEOPLES, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Replevin:** INSTRUCTION: MARK OF HOGS: SPOLIATOR. An instruction in an action for the replevin of certain hogs whose mark the defendant had altered, calling attention to such altered mark, is not subject to the criticism of being a comment on the fact, since all things are presumed against the spoliator.

2. ————: POSSESSION: PRESUMPTION OF OWNERSHIP: INSTRUCTION. An instruction that defendant is *prima facie* owner of the hogs and the burden of proof rested on plaintiff, sufficiently advises the jury that possession is presumptive evidence of title.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

GEORGE D. WILLIAMS and LOZIER & MORRIS for appellant.

(1) An instruction should not comment on the evidence or single out particular facts to the exclusion

of others and call the attention of the jury to them. The giving of instruction number 5 for plaintiff was error. R'y v. Stock Yards Co., 120 Mo. 541, 566; McFaden v. Catron, 120 Mo. 252, 274; Judd v. R'y, 23 Mo. App. 56, 62; Doud v. Reid, 53 Mo. App. 553, 562; Noyes v. Cunningham, 51 Mo. App. 194–198; Drug Co. v. McMahan, 50 Mo. App. 18, 22, 23; Benjamin v. R'y, 50 Mo. App. 602–613; Steinwender v. Creath, 44 Mo. App. 356–367; Forrester v. Moore, 77 Mo. 651–659; Barr v. Kansas City, 105 Mo. 550–559; Miller v. Marks, 20 Mo. App. 369; Jones v. Jones, 57 Mo. 138; Kendig v. R'y, 79 Mo. 207; Rothschild v. Ins. Co., 62 Mo. 356; Raysdon v. Trumbo, 52 Mo. 35, 38; Weil v. Schwartz, 21 Mo. App. 372, 382; State v. Smith, 53 Mo. 267, 271; State v. Seal, 47 Mo. App. 603, 607, 608; State v. Sivils, 105 Mo. 530, 534; Steinwender v. Creath, 44 Mo. App. 356, 366; Barr v. Kansas City, 105 Mo. 550, 559; Miller v. Marks, 20 Mo. App. 369, 371. (2) Possession of personal property is presumptive evidence of title. Instructions numbered 1 and 2, offered by the defendant should have been given by the court. State ex rel. v. Hope, 88 Mo. 435; Baer v. Groves, 46 Mo. App. 247; Singer v. Goldenberg, 17 Mo. App. 565; Bank v. Overall, 16 Mo. App. 513; Simmons v. Austin, 36 Mo. 309; Smith v. Lydick, 42 Mo. 209; Weeks v. Etter, 81 Mo. 378; Miller v. Marks, 20 Mo. App. 373; 2 Greenl. on Ev., sec. 637; Cobbey on Replevin, sec. 1017.

S. J. Jones and James McCann and James L. Minnis for respondent.

(1) Instruction number 5 does not comment on the evidence or isolate any facts and give them undue significance, because it does not say what credence

shall be given to the evidence or any part of it, or what weight or effect the evidence or any part of it should receive; nor does it attempt to explain the evidence or any part of it, or give prominence to any of the evidence, or obscure or depreciate the weight of any of the same. It has been expressly held by our supreme court that the giving of such an instruction is not error. Beattie v. Hill, 60 Mo. 72–77; Rose v. Spies, 44 Mo. 20–23; Calhoun v. Walsh, 7 Mo. App. 588. (2) Even if the instruction called attention to the spoliation of respondent's mark, it was more favorable to appellant than the law, because the court might have properly instructed the jury that his act in destroying respondent's mark, if found to be true, raised a presumption against his claim. 1 Greenl. on Ev., sec. 37; Pomeroy v. Benton, 77 Mo. 64. (3) The court properly refused instruction number 1 because it assumed admissions which in fact had not been made. The court properly refused instruction number 2 because the evidence showed that on the morning of the twenty-fifth day of June, 1895, the hog; were first in possession of respondent, and were taken upon that day by appellant. Besides instruction number 3 given by the court properly declared the law according to appellant's theory, and was all he was entitled to. Miller v. Marks, 20 Mo. App. 369.

GILL, J.—This is an action in replevin for the recovery of three hogs. An abbreviated bill of exceptions states the substance of the evidence STATEMENT. as follows: "Plaintiff to sustain the issues on his part offered evidence tending to prove his ownership of the property in controversy (describing them) and among a number of facts and circumstances testified to by plaintiff and his witnesses

Allamong v. Peoples.

tending to show his ownership of the property in controversy, there was evidence tending to prove that the hogs in controversy had been raised by plaintiff, and had strayed from plaintiff's to defendant's premises, and that a short time before the suit was instituted they bore the ear marks which plaintiff used to mark his hogs, and that defendant re-marked two of said hogs (the two sows) by cutting off their ears so as to obliterate plaintiff's mark.

"Defendant, to sustain the issues on his part, offered evidence tending to prove his ownership of the property in controversy, and among a number of facts and circumstances testified to by defendant and his witnesses tending to show his ownership of the hogs in controversy, there was evidence tending to prove that all of the hogs, except the large sow, had been raised by defendant on his farm under his constant observation; that the small barrow had been raised as a pet; that the large sow had been bought when a pig by defendant; that the two (2) sows had never borne plaintiff's mark and had never been marked at all until a few days before the institution of this suit, when defendant marked them with his mark.". On a trial in the circuit court there was a verdict and judgment for plaintiff and defendant appealed. The errors complained of relate to the court's action in giving plaintiff's instruction number 5 and in refusing defendant's numbered 1 and 2.

Plaintiff's fifth instruction told the jury "that if they believe from the evidence that the hogs in controversy bore the ear marks which plaintiff used to mark his hogs within a a short time before this suit was brought, and that defendant re-marked said hogs just prior to the institution of this suit by cutting their ears off so as to obliterate plaintiff's mark,

REPLEVIN:
instruction:
mark of hogs:
spoliator.

then the jury may take such facts into consideration, along with all the other evidence in the case, in determining the ownership of the hogs.'' It is objected that this instruction was erroneous in that it was a comment on the evidence—that it gave undue prominence to one particular fact, thereby leading the jury to ignore other features of the testimony. While this is a reprehensible practice, and while the above quoted instruction may seem at first blush to come within the scope of the rule, we are yet, in this particular case, inclined to treat the error (if error it should be called) as entirely harmless—or rather as giving to a fact in the case no more prominence than it deserved.

The rule is *omnia praesumunter contra spoliatorem;* all things are presumed against the despoiler; every presumption will be made against a person who destroys or suppresses that which might be evidence against him. If then the hogs bore the ear marks of the plaintiff, and the defendant despoiled these by cutting off the ears of the hogs, then the court was authorized to declare to the jury that this act of spoliation—this destruction of the evidence against him—raised a presumption against the defendant's case. 1 Greenl. Ev., sec. 37. But the destruction did not go that far; it only told the jury that they might "take such facts (if they so found them) into consideration, along with all the other evidence in the case, in determining the ownership of the hogs.'' The jury were not advised, as they might have been, that such cutting off the ear marks of the plaintiff was a strong circumstance against the defendant and raised a presumption against his claim.

Reversible error was not committed in the court's refusal to give defendant's first and second instruc-

——: possession: defendant's possession at the beginning of
presumption
of ownership: the suit was *prima facie* evidence of owner-
instruction.
tions.  They merely told the jury that
ship.   These declarations contained a cor-
rect proposition of law—that is, that possession of
personal property is presumptive evidence of title in
the possessor.   But in this case the court, by defend-
ant's third instruction, gave to the jury all the advice
they needed in that direction.   They were there in
effect told that *prima facie* the hogs belonged to defend-
ant and that the burden of proof rested on plaintiff to
overcome this presumption by a preponderance of
evidence.

The case was fairly tried and the judgment will be
affirmed.   All concur.